

263.063195

TED/cjs

IN THE UNITED STATES DIST
FOR THE NORTHERN DISTRIC   07CV6221
EASTERN DIVISIC   JUDGE GOTTSCHALL
MAG. JUDGE NOLAN

THE ESTATE OF STANLEY ZURAWSKI,            )
By and through his Administrator and       )
Representative, DEBRA ALAVI,               )
                                           )          Civil Action Number
                                           )          Circuit Court of the Twelfth Judicial
                                           )          Circuit, Will County, Illinois
                          Plaintiff,       )          07 L 633
                                           )
v.                                         )
                                           )
MANORCARE HEALTH SERVICES, INC.,           )
d/b/a MANORCARE AT WESTMONT and            )          **FILED**
SUNRISE SENIOR LIVING SERVICES, INC.,      )
d/b/a BRIGHTON GARDENS OF BURR RIDGE,       )        J N
                                           )          NOV X 2 2007
                          Defendants.      )          NOV 2 2007
                                                      MICHAEL W. DOBBINS
                                                      CLERK, U.S. DISTRICT COURT

### NOTICE OF REMOVAL

**NOW COMES**, the Defendant, SUNRISE SENIOR LIVING SERVICES, INC.,by and

through its attorneys, PRETZEL & STOUFFER, CHARTERED, and hereby removes this civil action

being case number 07 L 633 from the Circuit Court of the Twelfth Judicial Circuit, Will County,

Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division,

pursuant to 28 USC §1441 and 1332. In support thereof, the Defendant states as follows:

1.       This action was commenced against the named Defendant in the Circuit Court of the

Twelfth Judicial Circuit, Will County, State of Illinois on September 20, 2007. A copy of the

Complaint was served upon the Defendant, Sunrise Senior Living Services, Inc., on October 4, 2007.

This notice is filed within 30 days after service of the Complaint upon this Defendant.

2.       At the time the action was commenced, the administrator and representative of the

decedent, DEBRA ALAVI, was a citizen of the State of Illinois. The Defendant, SUNRISE SENIOR

LIVING SERVICES, INC., was a corporation organized and existing under the laws of the state of

Delaware. This Defendant has its principal place of business in the state of Virginia.

3.      The other Defendant, MANORCARE HEALTH SERVICES, INC.,was a corporation organized and existing under the laws of the state of Delaware. It is believed that this Defendant has its principal place of business in the state of Ohio.

4.      The amount in controversy exceeds $75,000.00, exclusive of interest and costs. Plaintiff is alleging that the alleged negligence of the Defendant caused Stanley Zurawski bed sores, which Plaintiff alleges are permanent in nature and which will require additional medical treatment and hospitalization. Plaintiff is alleging that as a result Mr. Zurawski endured conscious pain and suffering, humiliation and emotional trauma. Based on this information, there is a good faith basis to assert that the amount in controversy exceeds the jurisdictional amount.

5.      This action is a civil one of which the United States District Courts have original jurisdiction under 28 USC §1332. This Notice of Removal is filed in the United States District Court for the Northern District of Illinois, Eastern Division, which is the district and division in which the State action is pending.

6.      The Defendant has attached to this Notice copies of process and pleadings that have been served upon it.

**WHEREFORE**, the Defendant, SUNRISE SENIOR LIVING SERVICES, INC., by and through its attorneys, PRETZEL & STOUFFER, CHARTERED, pray that this cause be removed to the United States District Court for the Northern District of Illinois.

Respectfully submitted,

/s/ Robert E. Sidkey
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:     (312) 578-7489
Fax:              (312) 346-8242
rsidkey@pretzel-stouffer.com
*Attorney for Defendant*

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

THE ESTATE OF STANLEY ZURAWSKI,          )
By and through his Administrator and     )
Representative, DEBRA ALAVI,             )
                                         )
                    Plaintiff,           )      07 L      633
                                         )      Case No. 07 ____
          vs.                            )
                                         )
MANORCARE HEALTH SERVICES, INC.,         )
D/B/A MANORCARE AT WESTMONT AND          )
SUNRISE SENIOR LIVING SERVICES, INC.     )
D/B/A BRIGHTON GARDENS OF BURR           )
RIDGE,                                   )
                    Defendants.          )

COMPLAINT AT LAW

COUNT I

THE ESTATE OF STANLEY ZURAWSKI v. MANORCARE HEALTH SERVICES, INC. D/B/A
MANORCARE AT WESTMONT

NOW COMES, the Plaintiff, THE ESTATE OF STANLEY ZURAWSKI, by and through his

Administrator and Representative, DEBRA ALAVI, and through their attorney, Mark W. Rigazio of

Rigazio Law Office and for this cause of action under the Illinois Nursing Home Care Act found at 210

ILCS 45/1 et al for injuries both physical, emotional and psychological suffered by STANLEY

ZURAWSKI, states as follows:

　　　1.　　At all times mentioned herein, MANORCARE HEALTH SERVICES, INC. D/B/A

MANORCARE AT WESTMONT, (Nursing Home) was operating as a "long term care facility" within the

meaning of 210 ILCS 45/1-113 of the Nursing Home Care Act (The Act) 210 ILCS 45/1-101 et. seq.;

　　　2.　　At all times mentioned herein, the Defendant, MANORCARE HEALTH SERVICES,

INC. D/B/A MANORCARE AT WESTMONT, maintained the nursing home, and was the licensee

operating the nursing home within the meaning of 210 ILCS 45/1-115;

　　　3.　　On or about and between the relevant times of June 23, 2006 and August 5, 2006, the

Plaintiff, STANLEY ZURAWSKI, was a "resident" of said nursing home, according to the meaning of 210

ILCS 45/1-122 of the act;

　　　4.　　That at all times mentioned herein and while STANLEY ZURAWSKI, was a resident of

said facility, he had a statutory right under 42 CFR § 483.25 to receive care and services necessary to

maintain or obtain the highest practical physical and mental well-being.;

EXHIBIT

Initial case management set for

January 6, 2008 at: 9:00 am

5.     That at all times mentioned herein and while STANLEY ZURAWSKI, was a resident of said facility he had a statutory right under 42 C.F.R. § 483.13 to receive treatment and care which was free from abuse and neglect, and Defendant had a corresponding duty under said section of the Federal Act to provide him treatment and care which was free from abuse and neglect;

6.     "Abuse" as defined in the Interpretative Guidelines:  Section 483.13(b) - Guidance to Surveyors - Long Term Care Facilities, means:

> *The willful infliction of injury, unreasonable confinement, intimidation, or punishment with resulting physical harm or pain or mental anguish, or deprivation by an individual, including a caretaker, of goods or services that are necessary to attain or maintain physical, mental, and psychosocial well being.  This presumes that instances of abuse of all residents, even those in a coma, cause physical harm, or pain or mental anguish.*

7.     "Neglect" as defined in the Interpretative Guidelines:  483.13(c) - Guidance to Surveyors - Long Term Care Facilities, means:

> *Failure to provide goods and services necessary to avoid physical harm, mental anguish, or mental illness.*

8.     That at all times mentioned herein and while STANLEY ZURAWSKI, was a resident of said facility, he had a statutory right under 210 ILCS 45/2-107 to receive treatment and care which was free from abuse or neglect, and Defendant had a corresponding statutory duty under said Section of the Act to provide him with treatment and care which was free from abuse or neglect;

9.     *"Abuse"* as defined in 210 ILCS 45/1-103:

> Any physical or mental injury or sexual assault inflicted on a resident other than by accidental means in a facility.

10.     *"Neglect"* as defined in 210 ILCS 45/1-117 means:

> A failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition.

11.     HCR MANOR CARE, INC., as Licensee of the Nursing Home, is statutorily liable to a resident for any abuse, intentional, or negligent act or omission of its agents or employees which injures the resident.  210 ILCS 45/3-601;

12.     On or about and between the dates of June 23, 2006 and August 5, 2006, STANLEY ZURAWSKI, was a resident of the MANORCARE HEALTH SERVICES, INC. D/B/A MANORCARE AT WESTMONT, and under their care, custody and control pursuant to the act and otherwise;

13.     The Defendant, by and through its agents, employees, servants, nurses and CNA's, administration, physicians, medical staff in violation of the aforesaid sections of the Nursing Home Care

Act did abuse and neglect STANLEY ZURAWSKI, and did abuse him negligently and/or intentionally in one or more of the following ways:

A.      That during the months of June, July and August of 2006, the agents, employees, administration, nursing staff, CNA's, physicians and medical staff of the Defendant, MANORCARE HEALTH SERVICES, INC. D/B/A MANORCARE AT WESTMONT, failed to properly care for STANLEY ZURAWSKI, causing an increase and progression of bed sores (decubitis ulcers) which subsequently became infected and formed osteomyelitisl;

B.      The negligent acts of the Defendant, MANORCARE HEALTH SERVICES, INC. D/B/A MANORCARE AT WESTMONT, resulted in the bed sores on STANLEY ZURAWSKI, are as follows:

1.      They failed to properly turn and shift the position of the patient in the bed so that the sores would not develop;

2.      Allowed the patient to remain lying in a prone and stable position, immobile, thereby creating a progression of and infecting said bed sores, resulting in knee contractures permanently limiting the ability to walk;

3.      Failed to properly change the sheets, pillowcases and bedding of the Plaintiff so as to create, continue and worsen the condition of bed sores;

4.      Failed to properly feed the Plaintiff thereby causing a depletion of the protein in his diet and thus causing malnutrition which encouraged the formation of and enlargement of additional bed sores;

5.      Failed to properly apply cream or other medication or seek medical treatment for said bed sores;

6.      Failed to properly dry and change the dressings on the bed sores in a manner and fashion which would prevent infection and prevent the increase and progression of the bed sores;

7.      Failed to have proper mattress in place to prevent or treat the bed sores;

8.      Failed to provide adequate hydration;

9.      Failed to adequately control pain from bedsores, thereby resulting in loss of appetite, malnutrition which thereby advanced the bed sores;

10.      Allowing contamination of bed sores thereby increasing the likelihood of infection and osteomyelitis;

11.    Failed to provide protective footwear;

14.    The aforesaid failure to provide adequate medical or personal care and maintenance resulted in physical and mental injuries and constituted "abuse" and "neglect" within the meaning of 210 ILCS 45/1-103, 210 ILCS 45/1-117 and 42 C.F.R. § 483.13(b)(c);

15.    STANLEY ZURAWSKI'S, rights under 210 ILCS 45/2-107 and 42 C.F.R. § 483.13 to receive treatment and care which was free from abuse and neglect were violated as set forth above making Defendant as Licensee, liable under 210 ILCS 45/3-601 and 210 ILCS 45/3-602;

16.    As a direct and proximate result of Defendant's aforesaid failure to provide adequate and sufficient medical and personal care and maintenance, to the Plaintiff STANLEY ZURAWSKI, and through the actions of its agents it intentionally and negligently inflicted abuse upon the Plaintiff, and therefrom he was physically and emotionally injured.  STANLEY ZURAWSKI, suffered physical and mental injury and has had further and additional treatment and hospitalization all as a result of the conditions while in the Defendant's care and of the lack of care provided by the Defendant through its agents.  He has suffered painful and infected bed sores of which are permanent in nature and will cause further medical problems in the future and he will and has suffered great pain and will incur additional medical and hospital costs.  He was forced to endure and suffer conscious pain and suffering and humiliation and emotional trauma, not only from the further lack of treatment to treat the bed sores and malnutrition but for the humiliation of the exploitation of his injuries to the public, all as a result of the occurrence he suffered greatly and suffered a loss of enjoyment of his life.

WHEREFORE, Plaintiff, THE ESTATE OF STANLEY ZURAWSKI, by and through his Administrator and Representative, DEBRA ALAVI, brings this cause of action for injuries to STANLEY ZURAWSKI, as stated above and prays judgment be entered against, MANORCARE HEALTH SERVICES, INC. D/B/A MANORCARE AT WESTMONT as Licensee of the Home, in an amount in excess of $50,000.00 together with reasonable attorney fees and costs pursuant to 210 ILCS 45/3-602.

<u>COUNT II</u>

<u>THE ESTATE OF STANLEY ZURAWSKI v. SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE</u>

NOW COMES, the Plaintiff, THE ESTATE OF STANLEY ZURAWSKI, by and through his Administrator and Representative, DEBRA ALAVI, and through their attorney, Mark W. Rigazio of Rigazio Law Office and for this cause of action under the Illinois Nursing Home Care Act found at 210

ILCS 45/1 et al for injuries both physical, emotional and psychological suffered by STANLEY ZURAWSKI, states as follows:

1.      At all times mentioned herein, SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE (Nursing Home) was operating as a "long term care facility" within the meaning of 210 ILCS 45/1-113 of the Nursing Home Care Act (The Act) 210 ILCS 45/1-101 et. seq.;

2.      At all times mentioned herein, the Defendant, SUNRISE SENIOR LIVING SERVICES, INC., D/B/A BRIGHTON GARDENS OF BURR RIDGE, maintained the nursing home, and was the licensee operating the nursing home within the meaning of 210 ILCS 45/1-115;

3.      On or about and between the relevant times of June 8, 2006 and June 16, 2006, the Plaintiff, STANLEY ZURAWSKI, was a "resident" of said nursing home, according to the meaning of 210 ILCS 45/1-122 of the act;

4.      That at all times mentioned herein and while STANLEY ZURAWSKI, was a resident of said facility, he had a statutory right under 42 CFR § 483.25 to receive care and services necessary to maintain or obtain the highest practical physical and mental well-being.;

5.      That at all times mentioned herein and while STANLEY ZURAWSKI, was a resident of said facility he had a statutory right under 42 C.F.R. § 483.13 to receive treatment and care which was free from abuse and neglect, and Defendant had a corresponding duty under said section of the Federal Act to provide him treatment and care which was free from abuse and neglect;

6.      "Abuse" as defined in the Interpretative Guidelines:  Section 483.13(b) - Guidance to Surveyors - Long Term Care Facilities, means:

> *The willful infliction of injury, unreasonable confinement, intimidation, or punishment with resulting physical harm or pain or mental anguish, or deprivation by an individual, including a caretaker, of goods or services that are necessary to attain or maintain physical, mental, and psychosocial well being.  This presumes that instances of abuse of all residents, even those in a coma, cause physical harm, or pain or mental anguish.*

7.      "Neglect" as defined in the Interpretative Guidelines:  483.13(c) - Guidance to Surveyors - Long Term Care Facilities, means:

> *Failure to provide goods and services necessary to avoid physical harm, mental anguish, or mental illness.*

8.      That at all times mentioned herein and while STANLEY ZURAWSKI, was a resident of said facility, he had a statutory right under 210 ILCS 45/2-107 to receive treatment and care which was free from abuse or neglect, and Defendant had a corresponding statutory duty under said Section of the Act to provide him with treatment and care which was free from abuse or neglect;

9.  *"Abuse"* as defined in 210 ILCS 45/1-103:

> Any physical or mental injury or sexual assault inflicted on a resident other than by accidental means in a facility.

10. *"Neglect"* as defined in 210 ILCS 45/1-117 means:

> A failure in a facility to provide adequate medical or personal care or maintenance, which failure results in physical or mental injury to a resident or in the deterioration of a resident's physical or mental condition.

11.  SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE, as Licensee of the Nursing Home, is statutorily liable to a resident for any abuse, intentional, or negligent act or omission of its agents or employees which injures the resident. 210 ILCS 45/3-601;

12.  On or about and between the dates of June 8, 2006 and June 16, 2006, STANLEY ZURAWSKI, was a resident of the SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE and under their care, custody and control pursuant to the act and otherwise;

13.  The Defendant, by and through its agents, employees, servants, nurses and CNA's, administration, physicians, medical staff in violation of the aforesaid sections of the Nursing Home Care Act did abuse and neglect STANLEY ZURAWSKI, and did abuse him negligently and/or intentionally in one or more of the following ways:

    A.  That during the month of June of 2006, the agents, employees, administration, nursing staff, CNA's, physicians and medical staff of the Defendant, SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE, failed to properly care for STANLEY ZURAWSKI, so that he developed a DVT (deep venous thrombosis) and bed sores (decubitis ulcers) which subsequently became infected and formed cellulitis;

    B.  The negligent acts of the Defendant, SUNRISE SENIOR LIVING SERVICS, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE resulted in the bed sores on STANLEY ZURAWSKI, are as follows:

        1.  They failed to properly turn and shift the position of the patient in the bed so that the sores would not develop;

        2.  Allowed the patient to remain lying in a prone and stable position, immobile, thereby creating and infecting said bed sores and contributing to DVT formation;

        3.  Failed to properly change the sheets, pillowcases and bedding of the Plaintiff so as to create, continue and worsen the condition of bed sores;

4.      Failed to properly feed the Plaintiff thereby causing a depletion of the protein in his diet and thus causing malnutrition which encouraged the formation of and enlargement of additional bed sores;

5.      Failed to timely apply cream or other medication or seek medical treatment for said bed sores, CVT and cellulites;

6.      Failed to provide and/or properly dry and change the dressings on the bed sores in a manner and fashion which would prevent infection and prevent the increase and progression of the bed sores;

7.      Failed to have proper mattress in place to prevent or treat the bed sores;

8.      Filed to provide protective footwear;

9.      Failed to seek medical treatment for cellulites and DVT in a timely manner;

14.     The aforesaid failure to provide adequate medical or personal care and maintenance resulted in physical and mental injuries and constituted "abuse" and "neglect" within the meaning of 210 ILCS 45/1-103, 210 ILCS 45/1-117 and 42 C.F.R. § 483.13(b)(c);

15.     STANLEY ZURAWSKI'S, rights under 210 ILCS 45/2-107 and 42 C.F.R. § 483.13 to receive treatment and care which was free from abuse and neglect were violated as set forth above making Defendant as Licensee, liable under 210 ILCS 45/3-601 and 210 ILCS 45/3-602;

16.     As a direct and proximate result of Defendant's aforesaid failure to provide adequate and sufficient medical and personal care and maintenance, to the Plaintiff STANLEY ZURAWSKI, and through the actions of its agents it intentionally and negligently inflicted abuse upon the Plaintiff, and therefrom he was physically and emotionally injured. STANLEY ZURAWSKI, suffered physical and mental injury and has had further and additional treatment and hospitalization all as a result of the conditions while in the Defendant's care and of the lack of care provided by the Defendant through its agents. He has suffered painful and infected bed sores of which are permanent in nature and will cause further medical problems in the future and he will and has suffered great pain and will incur additional medical and hospital costs. He was forced to endure and suffer conscious pain and suffering and humiliation and emotional trauma, not only from the further lack of treatment to treat the bed sores and malnutrition but for the humiliation of the exploitation of his injuries to the public, all as a result of the occurrence he suffered greatly and suffered a loss of enjoyment of his life.

WHEREFORE, Plaintiff, THE ESTATE OF STANLEY ZURAWSKI, by and through his Administrator and Representative, DEBRA. ALAVI, brings this cause of action for injuries to STANLEY ZURAWSKI, as stated above and prays judgment be entered against SUNRISE SENIOR LIVING SERVICES, INC. D/B/A BRIGHTON GARDENS OF BURR RIDGE, as Licensee of the Home, in an amount in excess of $50,000.00 together with reasonable attorney fees and costs pursuant to 210 ILCS 45/3-602.

Respectfully submitted,
THE ESTATE OF STANLEY ZURAWSKI,
By and through his Administrator and
Representative, DEBRA ALAVI,
Plaintiff

Mark W. Rigazio, #06196506
As Attorney for Plaintiffs

### ATTORNEY'S STATEMENT

I, Mark W. Rigazio, state that I am one of the Attorneys employed by RIGAZIO LAW OFFICE, representing the party of the foregoing pleading. My business address is 220 West Main Street, Suite 302, Morris, Illinois 60450. I certify that I have read the foregoing information by me subscribed, and believe, after reasonable inquiry of my client, said pleading is well-grounded in fact and is warranted by existing law or good faith argument for the extension, modification, or reversal of existing law and that said pleading is not interposed for any improper purpose such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

_____
Mark W. Rigazio, #06194606

UNDER PENALTY OF PERJURY as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct except as to matters therein stated to be true on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

DATED:  9/17/2007       _____
                        Debra Alavi


Mark W. Rigazio, #06194606
RIGAZIO LAW OFFICE
220 W. Main Street, Suite 302
Post Office Box 40
Morris, Illinois 60450
(815) 942-1881

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| THE ESTATE OF STANLEY ZURAWSKI,<br>By and through his Administrator and<br>Representative, DEBRA ALAVI,<br><br>Plaintiff,<br><br>vs.<br><br>MANORCARE HEALTH SERVICES, INC.,<br>D/B/A MANORCARE AT WESTMONT AND<br>SUNRISE SENIOR LIVING SERVICES, INC.<br>D/B/A BRIGHTON GARDENS OF BURR<br>RIDGE,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 07 L 633

## SUMMONS

To Each Defendant: SUNRISE SENIOR LIVING SERVICES, INC., c/o Registered Agent CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604

**YOU ARE SUMMONED** and required to file an answer in this case, or otherwise file your appearance, in the office of the clerk of this court, Will County Courthouse, 14 West Jefferson Street, Joliet, , Illinois, within 30 days after service of this summons, not counting the day of service. **IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.**

TO THE OFFICER:

This summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this summons shall be returned so endorsed. This summons may not be served later than 30 days after its date.

SEP 2 0 2007

Witness: _____, _____.

PAMELA J. McGUIRE

(SEAL)

_____
(Clerk of Court)

Mark W. Rigazio, #06194606
RIGAZIO LAW OFFICE
220 West Main Street, Suite 302
P.O. Box 40
Morris, IL 60450
(815) 942-1881

263-063195

TED/sxf

IN THE UNITED STATES DIST~~RICT COURT~~

FOR THE NORTHERN DISTRIC~~T~~

EASTERN DIVISI~~ON~~

07CV6221
JUDGE GOTTSCHALL
MAG. JUDGE NOLAN

THE ESTATE OF STANLEY ZURAWSKI,　　　)
By and through his Administrator and　　　)
Representative, DEBRA ALAVI,　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　Plaintiff,　　)
v.　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　　　)
MANORCARE HEALTH SERVICES, INC.,　　)
d/b/a MANORCARE AT WESTMONT and　　)
SUNRISE SENIOR LIVING SERVICES, INC.,　)
d/b/a BRIGHTON GARDENS OF BURR RIDGE, )
　　　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　Defendants.　)

Civil Action Number
Circuit Court of the Twelfth Judicial
Circuit, Will County, Illinois
07 L 633

**FILED**

J.N NOV 2 2007
NOV X 2 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## NOTICE OF FILING

TO:　Mr. Mark W. Rigazio, Rigazio Law Office, 220 West Main Street, Suite 302, PO Box 40, Morris, Illinois 60450

PLEASE TAKE NOTICE that on the **2nd** day of **November**, 2007, we have filed with the United States District Court for the Northern District of Illinois, Eastern Division, *Defendants' Notice of Removal, Appearance, Answer* and *Request to Admit,* copies of which are hereby served upon you.

　　　　　　　　　　　　　　　/s/ Robert E. Sidkey
　　　　　　　　　　　　　　　PRETZEL & STOUFFER, CHARTERED
　　　　　　　　　　　　　　　One S. Wacker Drive
　　　　　　　　　　　　　　　Suite 2500
　　　　　　　　　　　　　　　Chicago, IL 60606
　　　　　　　　　　　　　　　Telephone:　(312) 578-7489
　　　　　　　　　　　　　　　Fax:　　　　(312) 346-8242
　　　　　　　　　　　　　　　rsidkey@pretzel-stouffer.com
　　　　　　　　　　　　　　　*Attorney for Defendants*

## CERTIFICATE OF SERVICE BY MAIL

The undersigned on oath affirm that the above-listed attorney of record has been provided a copy of the  Notice of Filing  by enclosing a copy of same in an envelope, sealed, postage prepaid, and depositing same in the United States Mail Chute at One South Wacker Drive, Chicago, Illinois 60606-4673, on November 2, 2007.

_____

Signature